IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEFAN L. FIELDS | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-13-3477 |
| | | |
| MONTGOMERY COUNTY | * | |
| MONTGOMERY COUNT POLICE DEPT. | | |
| MONTGOMERY COUNTY POLICE | * | |
| OFFICER C. BRODZINSKIC | | |
| Defendants. | * | |

\*\*\*\*\*

**MEMORANDUM OPINION**

**I.    Background**

This undated[1] self-represented prisoner civil rights Complaint, received for filing on November 18, 2013, raised a false arrest claim against Montgomery County, Maryland, Montgomery County Police Department, and Montgomery County Police Officer C. Brodzinskic.[2] Plaintiff, who is currently confined in a U.S. Bureau of Prisons facility, invokes this court's jurisdiction under 28 U.S.C. §§ 1331, 1346 and 1357 and its supplemental and pendant jurisdiction under 28 U.S.C. §§ 1343, 1345 & 1367. In the cause of action filed against Montgomery County Defendants, which has been construed as a 42 U.S.C. § 1983 Complaint, Plaintiff alleges in toto that:

> "[O]n or about 7-21-2010 I was arrested for the charge of theft and 2nd degree burglary. I was held for 2 days in the county jail and was eventually released once I

---

[1] The envelope in which the complaint was filed is not franked. Plaintiff later claimed and documented that he sent legal mail out of the Federal Correctional Institution in Otisville, New York on November 15, 2013. ECF No. 10, p. 1 & Ex. B. Therefore, under the "prison mailbox" rule set out in *Houston v. Lack*, 487 U.S. 266, 272-73 (1988), the matter shall be deemed filed on November 15, 2013. *See also United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (petition is deemed filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[2] The Clerk shall amend the docket to reflect this Defendant's correct surname as Brodzinski.

saw the Commissioner on my own recognizance. I was given home confinement for 4 months, and the case was eventually released for lack of evidence on 11-15-2010."

ECF No. 1, p. 6.

Plaintiff claims that he was arrested and held in the county jail for that 48-hour period on a charge that he did not commit. He additionally alleged that he was placed on house arrest for four months further "restricting plaintiff's life and liberty." ECF No. 1, p. 11. He seeks $6,000,000.00 in damages. *Id*., p. 1

On January 13, 2014, Defendants filed a Motion to Dismiss, arguing that the Montgomery County Police Department is not an entity subject to suit and that Plaintiff's claims against Montgomery County and Brodzinski are barred under the applicable three-year statute of limitations and/or are not viable because they are "devoid" of any facts to support a civil right claim. ECF No. 5. Plaintiff opposes Defendants' Motion claiming that his complaint, setting out a claim of false arrest, was filed within the three-year statute of limitations and is thus timely. ECF No. 10. Defendants have submitted a Reply and Plaintiff has filed a Surreply, which Defendants seek to strike.³ ECF Nos. 11, 12 & 13. The case is ready for the court's consideration. Oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, the Motion to Dismiss shall be granted.

---

³ The court shall deny Defendants' Motion to Strike. Affording Plaintiff's self-represented pleadings a generous construiction, he seemingly raises a supplemental "malicious prosecution" claim in his Surreply. ECF No. 12, p. 1.

2

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) ( citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Plaintiff has named the Montgomery County Police Department as a Defendant in this action. Police Departments are not suable entities under 42 U.S.C. § 1983. *See, e.g., Lyons v. Edgefield County Police,* No. 8:05–2503–MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) (police department not a separate suable entity amenable to suit); *Waller v. Butkovich,* 584 F.Supp. 909, 925

(M.D. N.C. 1984) (police department not amenable to suit); *see also Terrell v. City of Harrisburg Police Dep't,* 549 F.Supp.2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); *Petaway v. City of New Haven Police Dep't,* 541 F.Supp.2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is is not subject to suit under section 1983 because it is not an independent legal entity."); *Buchanan v. Williams,* 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic' " and therefore are not persons subject to action under § 1983). Accordingly, Plaintiff has failed to state a claim on which relief may be granted against the Montgomery County Police Department. The claim against that entity shall be dismissed.

The remaining Defendants Montgomery County and Brodzinski, argue that Plaintiff's claim is barred by the statute of limitations. To the extent that Plaintiff wishes to raise a pendant common-law false arrest claim, it would be "co-extensive" with the Due Process Clause, Fourth Amendment, and First Amendment, respectively, and is construed in a like matter with those federal protections. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.,* 684 F.3d 462, 468 n. 3 (4th Cir. 2012); *Richardson v. McGriff,* 361 Md. 437, 452–53, 762 A.2d 48 (1999); *Doe v. Dep't of Pub. Safety and Corr. Servs.,* 185 Md.App. 625, 636, 971 A.2d 975 (2009).

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Rule 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.,* 214 F.Supp.2d 520, 525 (D. Md. 2002); *Gray v. Metts,* 203 F.Supp.2d 426, 428 (D. Md. 2002). Dismissal is proper, however, "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.,* 85 F.3d 178, 181 (4th Cir. 1996); *see* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §

4

1357, at 714 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the Plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan,* 468 U.S. 42, 47–48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *See id.* at 49; *Chardon v. Fumero Soto,* 462 U.S. 650, 655–656 (1983); *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia,* 471 U.S. 261, 271 (1985). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar for Plaintiff's claim. *See* Md.Code Ann., Cts. & Jud. Proc., § 5–101.

Federal law, however, governs the question of when a cause of action accrues under 42 U.S.C. § 1983. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007). Under the general rule, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace,* 549 U.S. at 387. A claim for false imprisonment accrues once the victim is bound over by a magistrate or arraigned on charges. *Id.* at 389. Maryland treats each of these causes of action in the same manner. *See, e.g., Prince George's Cnty. v. Longtin,* 419 Md. 450, 476 (2011). Therefore,

5

all claims operate on the same calendar: claims stemming from the alleged false arrest and imprisonment accrued on July 21, 2010, when Plaintiff was initially arrested and arraigned on charges of theft and second-degree burglary in the District Court of Maryland for Montgomery County. The Complaint, however, was not filed until November 15, 2013, more than three years after the date these causes of action accrued. Plaintiff's claim of false arrest against Defendants Montgomery County and Brodzinski is therefore time-barred.

On the other hand, Plaintiff's belatedly asserted potential claim for malicious prosecution raised in his Surreply only accrued as of the date the criminal proceedings terminated in his favor. In this respect, this case is similar to *Brooks v. City of Winston-Salem*, 85 F.3d at 181. In *Brooks*, the Plaintiff brought a § 1983 claim rooted both in false arrest and malicious prosecution, where the original arrest was more than three years old, but the "favorable termination" of the prosecution was not. *Brooks,* 85 F.3d at 181–83. In *Brooks,* the Fourth Circuit found that the § 1983 malicious prosecution claim could proceed, despite the fact that the § 1983 false arrest claim was time barred. *Id.* Similarly here, because the statute of limitations had not run on Plaintiff's common law malicious prosecution claim, his § 1983 malicious prosecution claim is not time-barred. *Id.; see also Lambert v. Williams,* 223 F.3d 257, 262 n. 3 (4th Cir. 2000). For claims based on malicious prosecution, the limitations period starts to run only when the underlying criminal activity is conclusively terminated. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *Morrison v. Jones*, 551 F.2d 939, 940-41 (4th Cir. 1977). Plaintiff's criminal charges were dismissed on November 15, 2010. Therefore, the three year statute of limitations would not bar Plaintiff's malicious prosecution claim.

A party cannot properly amend a complaint through a response to a motion to dismiss. Moreover, he has failed to present any facts showing liability on the part of Montgomery County or Officer Brodzinski sufficient to hold them liable for alleged malicious prosecution. To state such a claim, a plaintiff must allege more than the mere facts that the criminal proceedings terminated in his favor. In addition, the necessary elements are that the defendant instituted or continued the criminal proceedings without probable cause and with malice or a motive other than to bring the offender to justice. Even though this court has generously construed his Surreply to raise such a claim, he may not simply name a tort without supporting each element. Although pro se litigants are held to less stringent pleading standards than attorneys the court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff has failed to raise allegations sufficient to give rise to a malicious prosecution claim as to defendants named in this action.

**IV.   Conclusion**

For the foregoing reasons, Defendants' motion to dismiss shall be granted. A separate Order will follow.

Date:  August 26, 2014                                              /s/
                                                                DEBORAH K. CHASANOW
                                                                United States District Judge